IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TCSS ENVIRONMENTAL TECHNOLOGIES LLC,** § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:20-CV-2754-L** |
| § | |
| **CAVORTEX TECHNOLOGY INTERNATIONAL, LLC; and RAYMOND MICHAEL SMITH,** § § § § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is TCSS' Application to Confirm Arbitration Award ("Application") (Doc. 1), filed September 2, 2020; and "Respondent's Motion to Deny TCSS Application to Confirm Arbitration Award Received" ("Motion") (Doc. 9), filed by Raymond Michael Smith ("Mr. Smith") on December 10, 2020. On August 5, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) was entered, recommending that the court:

> DENY Defendant Smith's "Motion to Deny TCSS Application to Confirm Arbitration Award Received" (ECF No. 9) and CONFIRM the Final Arbitration Award in favor of TCSS [Environmental Technologies, LLC] against [Mr.] Smith. Furthermore, the Court should dismiss this action without prejudice against Cavortex [Technology International, LLC] unless TCSS shows good cause for its failure to timely effect service and good cause for the Court to extend the time for service.

Report 17. On August 19, 2021, TCSS Environmental Technologies, LLC ("TCSS") filed a Limited Objection and Response to the Report to show that the person who was the registered agent for Cavortex Technology International, LLC ("Cavortex") as of October 2020 was served

by certified mail on October 18, 2020.[1]  No objections to the Report were filed by Mr. Smith or Cavortex, and the deadline for doing so has expired.

Based on the allegations in TCSS' Application to Confirm Arbitration Award (Doc. 1), the court cannot ascertain, for the reasons herein explained, whether it has subject matter jurisdiction over this civil action based on diversity of citizenship or a federal question.  Absent jurisdiction, the court lacks authority to rule on TCSS's Application or Mr. Smith's Motion.  Rather than dismissing without prejudice this action for lack of subject matter jurisdiction, the court **denies without prejudice** TCSS' Application (Doc. 1) and Respondent's Motion (Doc. 9) for lack of jurisdiction; **rejects as moot** the findings and conclusions of the magistrate judge (Doc. 16); and it will allow TCSS to file an amended application or motion to confirm the arbitration award for purposes of curing the jurisdictional deficiencies identified in this order.[2]

---

[1] TCSS notes that Cavortex's registered agent changed in 2021.  TCSS also contends that Cavortex waived this issue by appearing and not moving to dismiss for insufficient service of process.  According to TCSS, Cavortex made an appearance as a result of Mr. Smith's filings in this case on behalf of himself and Cavortex.  This argument is based on the incorrect assumption that a *pro se* litigant, who is not a licensed attorney, can represent a legal entity such as Cavortex.  While an individual like Mr. Smith can proceed *pro se* in federal court, legal entities like Cavortex must be represented by licensed counsel, and there is no indication that Mr. Smith is a licensed attorney. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("As the courts have recognized, the rationale for th[e] rule [that a corporation may appear in the federal courts only through licensed counsel] applies equally to all artificial entities."); *see also Southwest Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 54-56 (5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). This is so even when the person seeking to represent a legal entity is the president or major stockholder of the entity.  *See id.* Thus, even if it was Mr. Smith's intent to represent Cavortex's interests in this action, he cannot do so.  The court, therefore, disagrees that Mr. Smith's conduct in appearing, filing materials, and seeking affirmative relief in this action waived service of process as to Cavortex.  The court, nevertheless, agrees that TCSS's evidence establishes that Cavortex was served on October 18, 2020.

[2] The court may exercise discretion and allow TCSS an opportunity to amend its pleadings to cure the defective allegations regarding jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *see also Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (explaining that Section 1653 is to be "broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds," and that a "failure to specifically allege the citizenship of a party can be cured" under that Section).

**Memorandum Opinion and Order – Page 2**

I.    Discussion

    A.    **Subject Matter Jurisdiction Generally**

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. 28 U.S.C. § 1441(a).

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted). For this reason, allegations made on "information and belief" are insufficient to establish

**Memorandum Opinion and Order – Page 3**

citizenship. *Pennie v. Obama*, 255 F. Supp. 3d 648, 669 & 671 (N.D. Tex. 2017) (quoting *Getty Oil Corp.*, 841 F.2d at 1259).

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987).

**B.   Discussion**

TCSS initiated this action by filing its Application. It, therefore, has the burden of establishing the existence of subject matter jurisdiction based on either diversity of citizenship or federal question jurisdiction. It has done neither.

**1.   Jurisdiction Based on Diversity of Citizenship**

The Civil Cover Sheet (Doc. 2) filed by TCSS indicates that the basis for jurisdiction is diversity of citizenship, and that the parties are citizens of different states. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp.*, 841 F.2d at 1258. TCSS's Application alleges that it and Cavortex are limited liability companies and Mr. Smith is an individual. A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate

**Memorandum Opinion and Order – Page 4**

is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).

The following allegations in TCSS's Application are insufficient to establish the citizenship of any of the parties to this action:

> 1. Plaintiff TCSS is a South Dakota limited liability company with an address of 14 St. Joseph Street, Suite 200D, Rapid City, South Dakota 57701, and is qualified to do business in Texas. Plaintiff TCSS may be served by and through its attorney of record, Matthew J. Countryman, Lane & Countryman located at 8526 N. New Braunfels, San Antonio, Texas 78217.
>
> 2. Defendant CAVORTEX is a Delaware limited liability company with primary business address at 115 Majorca Place, Placentia, California 92870. Defendant CAVORTEX may be served through its registered agent William Fitzpatrick located at 633 W. Fifth Street, 26th Floor, Los Angeles, California 90071.
>
> 3. Defendant SMITH is an individual with an address of 115 Majorca Place, Placentia California 92870. He may be served at his home address and via email of michael@cavortex.com.

Pl.'s Appl. ¶¶ 1-3.

These allegations do not identify the members of TCSS or Cavortex or set forth any facts from which the court can determine the citizenship of each member of the two limited liability companies. Further, while TCSS's Application alleges the location of Mr. Smith's "home address" or residence and provides his e-mail address, neither are sufficient for citizenship purposes because Mr. Smith's e-mail address is irrelevant, and information regarding his address or residence, without more, is not enough to show that he is domiciled in California, that is, that he has a *fixed residence in California with the intent to remain there indefinitely* as required for citizenship.

Accordingly, the factual allegations in TCSS's Application do not establish jurisdiction based on diversity of citizenship.[3]

### 2. Jurisdiction Based on a Federal Question

While the Civil Cover Sheet filed by TCSS indicates that jurisdiction is based on diversity of citizenship, TCSS's Application alleges that "the Federal & Texas Arbitration Acts . . . confer jurisdiction in this court." Pl.'s Appl. ¶¶ 9-10. The Texas Arbitration act, however, is a state statute, not a federal statute, and, thus, cannot confer federal question jurisdiction for this action. The Federal Arbitration Act ("FAA") is also insufficient to invoke the court's jurisdiction to confirm or vacate the arbitration award at issue, as it "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis." *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (citations omitted); *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 536 (5th Cir. 2003) (citations omitted) ("[T]he FAA does not create any independent subject-matter jurisdiction."). Accordingly, the FAA alone cannot serve as a basis for federal question jurisdiction.

## II.   Conclusion

For the reasons explained, the court determines that it lacks subject matter jurisdiction over this action. Instead of dismissing without prejudice this action for lack of subject matter jurisdiction, the court **denies without prejudice** TCSS' Application (Doc. 1) and Respondent's Motion (Doc. 9) for lack of jurisdiction; **rejects as moot** the findings and conclusions of the magistrate judge; and it will allow TCSS to file an amended application or motion to confirm the

---

[3] Further, the citizenship of all parties must be established as of the date this action was filed on September 2, 2020. *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996) ("Diversity of citizenship must exist at the time the action is commenced.") (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989)). Thus, any amended jurisdictional allegations by TCSS must establish the parties' citizenship on the date this action was initially brought by it.

**Memorandum Opinion and Order – Page 6**

arbitration award for purposes of curing the jurisdictional deficiencies identified in this order. Any amended application by TCSS must be filed by **September 24, 2021**, cure the defects identified in this order, and contain sufficient factual allegations from which the court can determine the citizenship of all parties.  Thereafter, the court will revisit, as necessary, the parties' arguments regarding confirming and vacating the arbitration award.  *Failure of TCSS, however, to file an amended application by September 24, 2021, that cures the jurisdiction defects noted herein and affirmatively and distinctly alleges facts establishing diversity of citizenship will result in the sua sponte dismissal without prejudice of this action for lack of subject matter jurisdiction.*

**It is so ordered** this 14th day of September, 2021.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge