IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TCSS ENVIRONMENTAL TECHNOLOGIES LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:20-CV-2754-L** |
| **CAVORTEX TECHNOLOGY INTERNATIONAL, LLC; and RAYMOND MICHAEL SMITH,** | § § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

On September 14, 2021, the court entered an order denying without prejudice TCSS Environmental Technologies LLC's ("TCSS") Application to Confirm Arbitration Award ("Application) (Doc. 1) and Respondent's Motion to Deny TCSS Application to Confirm Arbitration Award (Doc. 9) in light of its determination that the allegations in TCSS's Application were insufficient to establish the existence of subject matter jurisdiction. For the same reason, the court also rejected as moot the findings and conclusions of the magistrate judge regarding the parties' motions and requests for relief and directed TCSS to file an amended application or motion to confirm the arbitration award that cured the jurisdictional deficiencies identified in the court's order. The court explained that, after TCSS filed an amended application, it would revisit, as necessary, the parties' arguments for and against confirming the arbitration award.

On September 22, 2021, Plaintiff filed its Amended Application to Confirm Arbitration Award ("Amended Application") (Doc. 19), which establishes that the court has jurisdiction over this action based on diversity of citizenship. TCSS's Amended Application contains no substantiative changes other than the amended jurisdictional allegations. Accordingly, instead of

delaying the proceedings in this case by allowing Defendant to file an amended motion to vacate the arbitration award and referring any such motion and TCSS's Amended Application to the magistrate judge for amended or supplemental findings and recommendation, the court **reinstates** as pending matters Respondent's Motion to Deny TCSS Application to Confirm Arbitration Award (Doc. 9) and The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) that was entered on August 5, 2021.

I.      **The Magistrate Judge's Report Regarding the Parties' Motions**

The magistrate judge determined that:

> the Arbitrator granted TCSS a permanent injunction requiring Cavortex and Smith to perform under the Agreement and awarded TCSS $417,637.95, including attorneys' fees, arbitration costs, and sanctions in the amount of $107,000 that would continue to accrue $1,000 each day that Respondents failed to comply with the Award.

Report 3. The magistrate judge further determined that the Federal Arbitration Act ("FAA") governs the parties' requests to confirm and vacate the arbitration award ("Final Award"). With respect to these requests, the Report recommends that the court:

> DENY Defendant Smith's "Motion to Deny TCSS Application to Confirm Arbitration Award Received" (ECF No. 9) and CONFIRM the Final Arbitration Award in favor of TCSS [Environmental Technologies, LLC] against [Mr.] Smith. Furthermore, the Court should dismiss this action without prejudice against Cavortex [Technology International, LLC] unless TCSS shows good cause for its failure to timely effect service and good cause for the Court to extend the time for service.

Report 17. The magistrate judge reasoned that Mr. Smith's motion could not be granted because it was filed untimely, and he failed to show that vacatur of the Final Award is appropriate.

On August 19, 2021, TCSS Environmental Technologies, LLC ("TCSS") filed a Limited Objection and Response to the Report to show that the person who was the registered agent for Cavortex Technology International, LLC ("Cavortex") as of October 2020 was served by certified

mail on October 18, 2020. No objections to the Report were filed by Mr. Smith or Cavortex, and the deadline for doing so has expired.

For the reasons explained in the court's September 14, 2021 memorandum opinion and order, the undersigned agrees that the evidence filed by TCSS in support of its limited objection establishes that Cavortex was served on October 18, 2020. *See* Doc. 18 at n.1. Accordingly, the court **sustains** TCSS's objection.

Having considered the parties' requests to amend and vacate the Final Award, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.[1] Accordingly, the court **denies** Mr. Smith's Motion to Deny TCSS Application to Confirm Arbitration Award (Doc. 9); **grants** TCSS's Amended Application (except with respect to its request for postjudgment interest addressed below); and **confirms** the Final Award to TCSS in the amount of **$417,637.95**, which includes attorney's fees, arbitration costs, and sanctions in the amount of $107,000 that shall continue to accrue in the amount of **$1,000 per day**[2] that Mr. Smith and Cavortex fail to comply with the Final Award.[3] The court also **confirms** the Final Award's issuance of a permanent injunction against Mr. Smith and Cavortex.

## II.     Post-Award Interest, Postjudgment Interest, Attorney's Fees, Costs, and Security

In addition to requesting that the court confirm the Final Award, TCSS's Amended Application also requests that the court adopt the Final Award entered by the arbitrator as the judgment in this case and award it an amount to be determined for attorney's fees, "costs of its

---

[1] Although the court has sustained TCSS's objection regarding its effecting service as to Cavortex, the magistrate judge correctly noted in her Report that it was not clear from the record in this case whether Cavortex had been served. Accordingly, the court's ruling as to TCSS's objection does not affect its decision to accept the Report as correct.

[2] The court notes that this sanction was not one of the grounds asserted by Mr. Smith for vacating the arbitrator's award or denying TCSS's Application, and, as noted, Mr. Smith did not assert any objections to the Report.

[3] The Final Award requires Mr. Smith and Cavortex to pay the full amount of the award within 30 days of its entry.

**Memorandum Opinion and Order – Page 3**

application and of the proceedings" in this case, and postjudgment interest at the 5% maximum posjudgment interest rate permitted by Texas in accordance with the Final Award. Instead of adopting the Final Award as the judgment in this case, the court incorporates in all respects it and the relief granted by it, *except for the interest rate specified for postjudgment interest.*

The Final Award that was entered on August 12, 2020, states that TCSS is entitled to recover "[p]ost-award interest . . . on all monetary amounts awarded in th[e] Final Award at the maximum pre-judgment interest rate applicable under Texas law to the fullest extent permitted by Texas law." Doc. 19-1 at 44-45. The Final Award further provides that, "after judgment is entered, post-judgment interest shall accrue on all monetary amounts awarded in this Final Award at the maximum post-judgment interest rate permitted by Texas law, until satisfied." *Id.* at 44.

In diversity cases such as this, however, postjudgment interest is awarded at the applicable federal postjudgment interest rate, pursuant to 28 U.S.C. § 1961, unless the parties contracted for a different rate. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir.1993) (citation omitted); *Woods v. P.A.M. Transport Inc.-L.U.*, 440 F. App'x 265, 270 (5th Cir. 2011) ("The post-judgment interest rate for all judgments entered in federal courts, including those in diversity cases, is governed by 28 U.S.C. § 1961."). Moreover, while arbitrators have authority to specify the rate of post-award interest, they do not have authority to specify the rate of postjudgment interest, which is governed by the federal statutory rate, unless an arbitrator has been granted authority by the parties to award a nonstatutory rate of postjudgment interest. *Tricon Energy Ltd. v. Vinmar Intern., Ltd.*, 718 F.3d 448, 456-61 (5th Cir. 2013); *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 739-40 (N.D. Tex. 1997).

TCSS does not point to any evidence that the parties contracted for a postjudgment rate different from the federal statutory rate or authorized the arbitrator to specify a postjudgment interest rate different from the federal statutory rate. It, instead, relies on the rate specified by the

**Memorandum Opinion and Order – Page 4**

arbitrator in the Final Award. Accordingly, the court will apply the post-award interest rate specified in the Final Award from August 12, 2020, to the date judgment is entered in this case. As noted by TCSS, this rate is 5% per annun.[4] Postjudgment interest, on the other hand, will be awarded at the current federal rate in accordance with § 1961.

The court will address TCSS's request for attorney's fees and costs postjudgment, pursuant to Federal Rule of Civil Procedure 54(d)(2), because as noted by TCSS, these amounts have yet to be determined, and the court does not have before it any information to make a determination in this regard.

In the event judgment was not entered immediately, TCSS also requested that the court require for the satisfaction of any judgment that may be entered by requiring Mr. Smith and Cavortex to deposit an amount equal to that awarded by the arbitrator. TCSS makes this request pursuant to "Tex. Civ. Prac. & Rem. Code § 171.086(B)(4)." TCSS Appl. 9 & n.13. Section 171.086(b)(4) provides: "During the period an arbitration is pending before the arbitrators or at or after the conclusion of the arbitration, a party may file an application for a court order, including an order . . . to require security for the satisfaction of a court judgment that may be later entered under an award." The court declines to require security at this stage of the proceedings. Moreover,

---

[4] "The Texas Supreme Court has recognized two separate bases for the award of prejudgment interest: (1) an enabling statute; and (2) general principles of equity." *International Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir.2002) (quoting *Johnson & Higgins of Texas, Inc.*, 962 S.W.2d at 528). "[S]tatutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases." *International Turbine Servs., Inc*., 278 F.3d at 499. Because the claims in this case do not fall within the statutory provisions, prejudgment interest in this case is governed by Texas common law. *Id*. "Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest on damages awarded for breach of contract." *Id*. When, as here, an interest rate is not specified in the parties' contract, prejudgment interest is calculated based on the statutory rate for postjudgment interest provided in section 304.003 of the Texas Finance Code. *Id.* Section 304.003 of the Texas Finance Code provides that the postjudgment interest rate is "five percent a year if the prime rate as published by the Board of *461 Governors of the Federal Reserve System . . . is less than five percent[.]" Tex. Fin. Code Ann. § 304.003(c)(2). The current prime rate is .07%, which is less than five percent. Accordingly, the prejudgment interest rate that the court will apply to the post-award is five percent per annum.

**Memorandum Opinion and Order – Page 5**

TCSS did not object to the magistrate judge's determination that its request to confirm the arbitration award was governed by the FAA.  This request by TCSS is, therefore, **denied.**

### III.   Conclusion

For the reasons explained, the court **reinstates** as pending matters Respondent's Motion to Deny TCSS Application to Confirm Arbitration Award (Doc. 9) and magistrate judge's Report (Doc. 16) that was entered on August 5, 2021.

Further, the court **accepts** the findings and conclusions of the magistrate judge as those of the court.   As TCSS has since demonstrated in response to the Report that Cavortex was served as of October 18, 2020, its objection is **sustained**.  Accordingly, the court **denies** Mr. Smith's Motion to Deny TCSS Application to Confirm Arbitration Award (Doc. 9); **grants** TCSS's Amended Application (except with respect to its request for postjudgment interest addressed below and its request for the posting of prejudgment security); and **confirms** the Final Award to TCSS in the amount of **$417,637.95**, which includes attorney's fees, arbitration costs, and sanctions in the amount of $107,000 that shall continue to accrue in the amount of **$1,000 per day** that Mr. Smith and Cavortex fail to comply with the Final Award.

It is, therefore, **ordered, adjudged, and decreed** that the Final Award dated August 12, 2020, is in all respects **confirmed** (except for the postjudgment interest rate).

**It is further ordered** that TCSS shall recover against Mr. Smith and Cavortex, jointly and severally: **$417,637.95** awarded by the arbitrator; sanctions of **$1,000 per day** until the total amount awarded by the arbitrator is paid in full in accordance with the Final Award; plus post-award interest on these amounts at the rate of **5%** per annum from August 12, 2020, the date of the Final Award, through the date judgment is entered.

**It is further ordered** that TCSS shall recover post-judgment interest at the applicable federal rate of **.07%** per annum from the date judgment is entered until it is paid in full.  The court,

**Memorandum Opinion and Order – Page 6**

as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate order. The court will address TCSS's request for attorney's fees and costs postjudgment, pursuant to Federal Rule of Civil Procedure 54(d)(2).

**It is so ordered** this 23rd day of September, 2021.

                                              Sam A. Lindsay  
                                              United States District Judge